S̲ɪ̲ʟ̲ᴠ̲ᴇ̲ʀ̲ᴍ̲ᴀ̲ɴ̲A̲ᴄ̲ᴀ̲ᴍ̲ᴘ̲ᴏ̲ʀ̲ᴀ̲ LLP
Attorneys for Panta Realty Co.
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Adam L. Rosen
Justin S. Krell

**Hearing Date: June 16, 2011**
**Time:  10:00 a.m.**

**Objections Due: June 9, 2011**
**Time:  4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                                                    Chapter 11

O.G.F. IMPORTING, LLC,                                                      Case No. 11-12475 (SMB)

                Debtor.
----------------------------------------------------------x

**MOTION OF PANTA REALTY CO. FOR
ORDER (I) COMPELLING PAYMENT OF POSTPETITION RENT
AND (II) REDUCING TIME TO ASSUME OR REJECT LEASE, OR,
ALTERNATIVELY, MODIFYING AUTOMATIC STAY OF 11 U.S.C. §362
TO PERMIT CONTINUATION OF NON-PAYMENT SUMMARY PROCEEDING**

TO:    THE HONORABLE STUART M. BERNSTEIN
         UNITED STATES BANKRUPTCY JUDGE:

Panta Realty Co. (the "Movant"), the landlord and a creditor of O.G.F. Importing, LLC (the "Debtor"), the above-captioned debtor, hereby moves (the "Motion") this Court for an order (i) compelling payment of postpetition rent under section 365(d) of title 11, United States Code (the "Bankruptcy Code") and (ii) reducing the time to assume of reject the lease for the premises located at 230 East 51st Street, New York, New York 10022 (the "Premises") under Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), or alternatively modifying the automatic stay of Bankruptcy Code section 362 to permit Movant to continue to prosecute its non-payment summary proceeding, which was commenced by Movant against the Debtor in the Civil Court of the City of New York, County of New York, Part 52 (the "L&T Court") titled Panta Realty Co. v. O.G.F. Importing, LLC, Index No. L&T 60356/2011 (the "Non-Payment Action") or institute a new summary proceeding, with respect to the Premises, and otherwise which may be necessary to obtain possession of the Premises.  In support of the Motion, Movant respectfully represents as follows:

## BACKGROUND

**The Chapter 11 Filing**

1. On May 23, 2011 (the "Filing Date"), the Debtor filed a petition under chapter 11 of the Bankruptcy Code in this Court. The Debtor's petition indicates that the Debtor is a "small business" debtor under Bankruptcy Code section 101(51)(C).

2. The Debtor is the lessee under the Lease (as defined below) for the Premises. Upon information and belief, the Debtor intended to open a restaurant at the Premises called the "East Side Social Club" (the "Restaurant"), however, the Debtor never opened the restaurant at the Premises. William Gilroy, the Debtor's managing member, was to be the owner and operator of the Restaurant.

3. As of the Filing Date, the Debtor was indebted to Movant in the amount of $56,613.23 in back rent and other charges under the Lease.

4. The Movant operates The Pod Hotel (the "Hotel") which is located in the building which includes the Premises. The Movant's ability to attract guests to the Hotel has been adversely affected by the fact that the Debtor has not opened the Restaurant and, apparently, will not be opening the Restaurant. According to the Affidavit filed by the Debtor under Local Rule 1007-2, the Debtor has no payroll, no income and no expenses.

**The Lease**

5. The Movant and the Debtor entered into a lease, dated June 26, 2009, for the Premises (the "Lease"). The term of the Lease expires on June 30, 2019. (A copy of the Lease is annexed as **Exhibit A** to the declaration of Richard Born dated May 31, 2011 (the "Born Declaration"))

6. The Lease provides, among other things, that:

   a. The Debtor entity must be owned 51% by Mr. Gilroy and certain other individuals identified in the Lease. (Lease Rider ¶22);

2

AROSEN/921673.2/060479

      b.  The Debtor shall construct a "new first class and high quality restaurant" and be responsible for the entire cost of the build-out of the restaurant (Lease Rider ¶9 ;

      c.  Upon the Movant's request, the Debtor must certify that Mr. Gilroy is in charge of all of the Debtor's operations. (Lease Rider ¶22);

      d.  The Debtor cannot assign the Lease without the Movant's consent and Movant's consent can be withheld for any reason (Lease Rider ¶22); and

      e.  The Debtor shall pay the Movant percentage rent of 7% of gross sales as defined in the Lease. (Lease Rider ¶40).

In addition, Mr. Gilroy guaranteed the Debtor's obligations under the Lease.

      7.      Based on the above Lease provisions, it is clear that in entering into the Lease, the Movant was relying on Mr. Gilroy's personal services and reputation. For these reasons, the Movant believes that the Lease cannot be assigned because the Lease constitutes a contract for personal services which cannot be assigned without the Movant's consent under applicable law.

      8.      As of the Filing Date, the monthly base rent under the Lease is $20,000. There also is a percentage rent provision which requires the Debtor to pay 7% of the gross sales of the Restaurant, to the extent that gross sales exceed $4 million. As of the date of the hearing on this Motion, the Debtor will owe the Movant postpetition rent of $29,519.03, plus attorney's fees and costs. (A breakdown of the prepetition and postpetition rent owed by the Debtor is annexed as **Exhibit B** to the Born Declaration.)

      9.      Prior to the Filing Date, the Movant took possession of a $60,000 security deposit in accordance with the terms of the Lease.

**The Non-Payment Action**

      10.     On or about September 28, 2010, the Movant commenced the Non-Payment Action against the Debtor because the Debtor was in substantial default for failure

AROSEN/921673.2/060479

to pay rent as due under the Lease. No judgment was entered in the Non-Payment Action because it was stayed by the filing of this case.

## **RELIEF REQUESTED**

11. By this Motion, Movant seeks entry of an order compelling the Debtor to pay postpetition rent, requiring the Debtor to assume or reject the Lease by July 15, 2011, or, alternatively, modifying the automatic stay of Bankruptcy Code section 362 to permit Movant to proceed with the Non-Payment Action, or begin a new non-payment action, and take any further action which may be necessary to obtain possession of the Premises.

**The Court Should Require the**
**Debtor to Immediately Pay Postpetition Rent**

12. The Debtor has not paid rent under the Lease since November 2010. The Movant believes that the Debtor does not have the funds to pay rent under the Lease, and is using this chapter 11 case to attempt to sell the Lease without paying current postpetition rent under the Lease.

13. Bankruptcy Code section 365(d)(3) requires the Debtor to timely perform all obligations under the Lease arising on and after the entry of the order for relief, which in this case occurred on May 23, 2011. That obligation includes the payment of rent and related charges according to the terms of the Lease.

14. The Movant should not be put in the position of financing the Debtor and this case while the Debtor attempts to market the Lease which, as explained below, will be difficult, if not impossible to assign. For these reasons, the Movant requests an order directing the Debtor to pay the Movant promptly all rent currently owed under the Lease, as well as the rent which will accrue thereafter.

15. In the event the Debtor does not pay the Movant $29,519.03 by June 20, 2011, the Movant requests that it be permitted to file an affidavit of non-payment and settle an order on five (5) days notice. The proposed order would provide for (i) lifting the automatic stay to permit

4

AROSEN/921673.2/060479

prosecution of the Non-Payment Action, (ii) rejection of the Lease, and (iii) requiring the Debtor to immediately surrender possession of the Premises to the Movant.

**The Court Should Shorten the**
**Debtor's Time to Assume or Reject the Lease**

16. Assuming the Debtor immediately pays postpetition rent by June 20, 2011, the Court should shorten the Debtor's time to assume or reject the Lease. Bankruptcy Code section 365(d)(4) provides that a debtor must assume or reject a lease of non-residential property with 120 days after entry of the order for relief. Here, 120 days after the order for relief was entered would be September 20, 2011.

17. Pursuant to Bankruptcy Rule 9006(c), "when an act is required or allowed to be done at or within a specified time . . . the court for cause shown may . . . order the period reduced." FED. R. BANKR. P. 9006(c). The Movant submits that cause exists here to shorten the Debtor's time to assume or reject the Lease because (a) the Debtor has no operations and merely seeks to market the Lease and (b) under Bankruptcy Code section 365(c)(1) the Lease cannot be assigned. It is certainly in this Court's discretion to shorten the period for the Debtor to make its assumption/rejection decision. See, e.g., In re Adelphia Commc'ns Corp., 291 B.R. 283, 293 (Bankr. S.D.N.Y. 2003); In re Enron Corp., 279 B.R. 695, 702 (Bankr. S.D.N.Y. 2002).

18. Mr. Gilroy is a well-known restaurateur who was specifically selected by the Movant to establish and run a first-class restaurant in the Hotel. In the 1990's, Mr. Gilroy became well known for the success of his Manhattan restaurants, "Employees Only" and "Macao Trading Co." The Movant relied on Mr. Gilroy's personal skills, relationships and reputation in the New York City restaurant community in making the business decision to enter into the Lease. The Lease reflects the clear intention of the Movant and the Debtor that Mr. Gilroy's special knowledge, judgment, taste, skill and ability (culinary and otherwise) is inextricably intertwined with directing the management and decisions of the Debtor in the operations of the Debtor's proposed Restaurant. Unless Mr. Gilroy will continue to be involved in the Restaurant, including

AROSEN/921673.2/060479

the management and operations of the Restaurant, the Movant should not be required to accept an assignee of the Lease, unless such assignee is acceptable to the Movant.

19. In light of the foregoing, and the contemplation of Mr. Gilroy's performance of personal services required by the Lease, Movant believes that the Lease is unassignable. See, e.g., In re Compass Van & Storage Corp., 65 B.R. 1007 (Bankr. E.D.N.Y. 1986). See also In re Fastrax, Inc., 129 B.R. 274, 278 (Bankr. M.D. Fla. 1991) ("[W]hether a contract is personal depends on the nature and subject matter of the contract, the circumstances surrounding the contract, and the intention of the parties." (citing In re Taylor Mfg., 6 B.R. 370 (Bankr. N.D. Ga. 1980))); Quality Healthcare Equip. v. Lumex, Inc., 1996 WL 604059, *3 (N.D. Ill. Oct. 18, 1996) ("The nonassignability of personal service contracts is firmly established under New York Law: '[R]ights arising out of contracts involving a relation of personal confidence cannot be transferred *in invitum.*'" (quoting In re D.H. McBride & Co., 132 F 285, 288 (S.D.N.Y. 1904))).

20. The Movant submits that the 53 days between May 23, 2011 and July 15, 2011 is a sufficient amount of time to enable the Debtor to decide whether the Lease has any realizable value and move to assume and assign the Lease, or reject it.[1] Regardless, as requested above, in the event the Debtor does not pay the Movant the postpetition rent and other charges owed under the Lease in a timely manner, the Debtor's time to decide whether to assume or reject the Lease should be terminated immediately.

**The Automatic Stay Should be Modified**

21. Bankruptcy Code section 362(d), governs relief from the automatic stay and provides in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay--

---

[1] Nothing contained herein can or shall be construed as an admission, acknowledgment, or consent by the Movant to the assumption and assignability of the Lease, and Movant expressly reserves all rights and defenses to any attempt by the Debtor, or any other party, to assume and assign the Lease.

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if --
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization . . . .

11 U.S.C. § 362(d).

22. Here, if the Debtor does pay the postpetition rent to the Movant by June 20, 2011, the automatic stay should be modified to permit the Movant to proceed with the Non-Payment Action or institute a new non-payment action.

23. Whether "cause" exists to modify the stay must be determined on a "case by case basis, taking into consideration the interests of the debtor, the claimants and the estate." In re MacInnis, 235 B.R. 255, 259 (S.D.N.Y. 1998) (citing In re Keene Corp., 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994)); Manhattan King David Rest., Inc. v. Levine (In re Manhattan King David Rest., Inc.), 163 B.R. 36, 40 (S.D.N.Y. 1993) (explaining the "term 'cause' is not defined in the Bankruptcy Code, and whether cause exists should be determined on a case by case basis" (citing Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1286 (2d Cir. 1990))). See also Pickering v. M&T Mortg. Corp., 2006 WL 2404353 (S.D.N.Y. Aug. 18, 2006) ("Because neither the Code nor the legislative history provides a specific definition of what constitutes cause under § 362(d), courts must determine whether relief is appropriate on a case by case basis, taking into consideration the interests of the debtor, the claimants and the estate.") (citations omitted).

24. Here, the Debtor has no equity in the Premises nor does the Debtor seek to reorganize and, therefore, section 362(d)(2) is satisfied. Section 362(d)(1) also is satisfied because the Movant's interest in the Premises is not being adequately protected. Specifically, the Movant is not receiving postpetition rent and, as set forth in the Born Declaration, the Movant's Hotel operations are being adversely affected without an operating restaurant in the Premises.

For these reasons, the Movant submits that cause exists to modify the automatic stay.

## CONCLUSION

25. Notice of this Motion has been given to (a) the Debtor, (b) Debtor's counsel, (c) the Office of the United States Trustee for Region 2, (d) all creditors of the Debtor as listed in the Debtor's petition filed in this case, and (e) all parties who have requested notice in this case.

26. No prior request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, for all of the foregoing reasons and based upon the Born Declaration, the Movant respectfully requests that this Court enter an order substantially in the form annexed hereto as **Exhibit A** and grant the Movant such further relief as the Court deems appropriate.

Dated: Jericho, New York
      June 1, 2011

Respectfully submitted,

**S**ILVERMAN**A**CAMPORA **LLP**
Attorneys for Panta Realty Co.

By: _s/ Adam L. Rosen_____
    Adam L. Rosen
Member of Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

AROSEN/921673.2/060479